IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ZELMA KATHERINE SWANIGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-04278-CV-C-NKL |
| | ) |
| DISETRONIC MEDICAL SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

ORDER

Pending before the Court is Plaintiff Zelma Katherine Swanigan's ("Swanigan") Motion to Dismiss Without Prejudice [Doc. # 37]. Swanigan asserts that she needs more time to conduct tests for insulin levels in tissue taken during an autopsy of the decedent. Depending on the outcome of those tests, she may or may not pursue her claims; but in either event, she cannot conduct the tests within the Court's scheduling order. She therefore asks the Court to dismiss the case under Fed. R. Civ. P. 41(a)(2).

Rule 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance [after the defendant has filed its answer] save upon order of the court and upon such terms and conditions as the court deems proper." The Eighth Circuit has held that the decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. *Hamm v. Rhone-Poulenc Rorer Pharms., Inc*., 187 F.3d 941, 950

1

(8th Cir. 1999). In exercising that discretion, a court should consider factors such as (1) whether the party has presented a proper explanation for its desire to dismiss, (2) whether a dismissal would result in a waste of judicial time and effort, and (3) whether a dismissal will prejudice the defendants. *Id.*

Defendant Disetronic Medical Systems, Inc., ("Disetronic") objects to dismissal without prejudice, claiming that Swanigan has been aware of the tissue samples for over a year and has not diligently pursued testing. Essentially, Disetronic argues that it is too late for Swanigan to be conducting tests to determine whether she has a case.[1] Disetronic, therefore, asks the Court to dismiss Swanigan's case with prejudice or require Swanigan to pay Disetronic's legal fees to date, in the event the suit is dismissed without prejudice.

In support of its position, Disetronic argues that it will be prejudiced if Swanigan is allowed to dismiss and refile later because Disetronic has already expended considerable resources preparing and responding to discovery, retaining experts, and negotiating a protective order. But the alleged prejudice cited by Disetronic consists of many expenses it would have incurred even if Swanigan had waited to file her case after the tests were conducted. In addition, there is an insufficient showing that if the case is refiled, the work previously done on the case will not continue to be useful, even after the tests are conducted.

Although the Court does not agree that all of the costs cited by Disetronic constitute prejudice, the Court nevertheless concludes that there are costs associated with

---

[1] Disetronic has not sought relief under Rule 11, so the Court assumes that Disetronic is not actually alleging that Swanigan had no basis for filing suit.

the delay, dismissal, and potential refiling of this suit. Thus, upon full consideration of the factors enumerated in *Hamm*, the Court concludes that dismissal without prejudice in the present case is appropriate only upon the condition that Swanigan compensate Disetronic in the amount of $8,000 if she decides to refile her case in either federal or state court.

Accordingly, it is hereby

ORDERED that Swanigan's Motion to Dismiss Without Prejudice [Doc. # 37] is GRANTED on the condition that, should she refile the case at some later date, Swanigan shall pay Disetronic $8,000 for the delay she has caused.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 2, 2006
Jefferson City, Missouri